UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDDIE HELTON,<br><br>                Plaintiff,<br><br>        v.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration<br><br>                Defendant. | Case No. C11-389-RSM-BAT<br><br>**REPORT AND RECOMMENDATION ON EAJA ATTORNEY FEES** |

Eddie Helton's motion for attorney fees, expenses and costs under the Equal Access to Justice Act ("EAJA") has been referred to the undersigned United States Magistrate Judge. Dkt. 28. The Commissioner opposes Mr. Helton's motion on the ground that his defense of the ALJ's decision was "substantially justified." *See* Dkt. 26. In Reply, Mr. Helton argues the Commissioner "did not carry his substantial justification burden," and that the Court should award him an additional $487.59 in fees for litigating a fee dispute. Dkt. 27 at 6. As discussed below, the Court recommends Mr. Helton's motion for fees and supplemental fees be **GRANTED**.

Under the EAJA the Court may award attorneys' fees to a plaintiff's attorney in an action against the government if (1) the plaintiff is the prevailing party; (2) the government has not met its burden to show that its positions during the case were substantially justified or that special

REPORT AND RECOMMENDATION ON EAJA
ATTORNEY FEES - 1

circumstances make such an award unjust; and (3) the requested attorneys' fees are reasonable. 28 U.S.C. § 2412(d)(1)(A); *see e.g., Perez–Arellano v. Smith*, 279 F.3d 791, 792 (9th Cir. 2002).

Mr. Helton is a prevailing party as the Court reversed and remanded the Commissioner's final decision, under sentence four, for further administrative proceedings. *See* Dkts. 20, 23, and 24; *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995) (An applicant for benefits is a prevailing party upon procuring a sentence-four remand for further administrative proceedings). The Commissioner does not dispute this but argues the Court should deny Mr. Helton's motion for fees on the grounds that his position was substantially justified.

To meet the "substantially justified" standard, the government must advance a position justified to a degree that could satisfy a reasonable person. *See Pierce v. Underwood*, 487 U.S. 552, 565, (1988); *accord Le v. Astrue*, 529 F.3d 1200, 1201 (9th Cir. 2008). In other words, the government's position must have had a "reasonable basis in both law and fact." *Pierce*, 487 U.S. at 565; *accord Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008).

In this case, Mr. Helton sought review of the Commissioner's decision contending, among other things, that the ALJ erred in failing to include Dr. Gary Nelson's opinion that Mr. Helton was limited to one to two-step instructions in assessing his residual functional capacity. *See* Report and Recommendation. Dkt. 20 at 5. The Commissioner argued the ALJ should be affirmed because the ALJ found Mr. Helton could perform simple, routine work, and this finding encompassed Dr. Nelson's opinion about Mr. Helton's one to two-step limitations. *Id.*

The Commissioner contends this position was substantially justified because, factually, it is based on the ALJ's residual functional assessment, and because, legally, an ALJ may make reasonable inferences based on the record. The record, however, showed Dr. Nelson opined Mr. Helton was able to understand and remember one to two-step instructions. The record further

shows the ALJ neither disagreed with this opinion, nor included it in his assessment of Mr. Helton's RFC.  Additionally, the ALJ did not include the one to two-step limitations in the hypothetical question posed to vocational expert.  There is thus no factual basis to conclude the ALJ incorporated the limitation identified by Dr. Nelson is assessing Mr. Helton's RFC.

An ALJ may make reasonable inferences based on the record.  However, as the Court noted earlier in its report and recommendation, there is nothing in the record that showed what the ALJ meant when she found Mr. Helton could perform simple routine tasks, or that she in fact incorporated the one to two-step limitation in her RFC assessment.  Hence, the Commissioner's argument that the ALJ made a reasonable inference, as a matter of law, is completely unsupported by the record.

Because the ALJ failed to incorporate the one to two-step limitation and failed to make clear what she meant when she found Mr. Helton could perform simple, routine tasks, the Court remanded the matter for further proceedings.  The fact the Court noted that on remand, a vocational expert might opine there are jobs Mr. Helton could perform even with a one to two-step limitation does not establish, as the Commissioner claims, that his position was reasonable or substantially justified.  It simply means the Court declined to play ALJ or vocational expert on review and make determinations, in the first instance.

The Court also reversed the Commissioner's final decision on the grounds the ALJ, without explanation, failed to include Dr. Alison Schulman, M.D.'s, opinions about Mr. Helton's postural and manipulative limitations.  *See* Dkt. 20 at 3.  As the Commissioner has not argued its position in defending the ALJ's failure was substantially justified, this is another reason plaintiff's motion should be granted.

Accordingly, the Court recommends that Mr. Helton's motion, (Dkt. 25) including his

REPORT AND RECOMMENDATION ON EAJA
ATTORNEY FEES - 3

1  supplemental request for the cost of defending his motion, (Dkt. 27) be **GRANTED** as follows:

2      Initial request for fees:    $4,524.71

3      Supplemental request for fees:    $487.59

4      Expenses:    $27.57

5      Costs:    $10.00

6  Any objections to this Recommendation must be filed and served upon all parties no later

7  than **September 26, 2012.** The Clerk should note the matter for **September 28, 2012**, as ready

8  for the District Judge's consideration if no objection is filed. If objections are filed, any response

9  is due within 14 days after being served with the objections. A party filing an objection must

10 note the matter for the Court's consideration 14 days from the date the objection is filed and

11 served. The matter will then be ready for the Court's consideration on the date the response is

12 due. Objections and responses shall not exceed ten pages. The failure to timely object may

13 affect the right to appeal.

14 DATED this 12th day of September, 2012.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION ON EAJA
ATTORNEY FEES - 4